IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELISE BELL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>AMERICAN HOME MORTGAGE SERVICING, INC., AMERICAN BROKERS CONDUIT, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC., and DEFAULT RESOLUTION NETWORK,<br><br>　　　　Defendants.　　　　　　／ | No. C 11-03636 WHA<br><br>**ORDER REMANDING ACTION TO STATE COURT AND VACATING HEARING** |

**INTRODUCTION**

This is a foreclosure action. *Pro se* plaintiff originally filed suit in Alameda County Superior Court alleging four state law causes of action. Defendants timely removed the action to federal court on the sole basis of diversity jurisdiction. Plaintiff then filed an "objection to removal to federal court based upon lack of subject-matter jurisdiction." This objection was construed as a motion to remand. The Court lacks subject-matter jurisdiction over the action, therefore, plaintiff's motion to remand is **GRANTED**.

**STATEMENT**

Plaintiff Elise Bell filed this action in state court on June 24, 2011. Ms. Bell alleged four state law causes of action: (1) slander of title; (2) "temporary restraining order and for preliminary/permanent injunction"; (3) violation of the California Business and Professions Code

1  17200, *et seq*.; and (4) breach of contract. Defendants American Home Mortgage Servicing, Inc.
2  and Mortgage Electronic Registration Systems, Inc., removed to federal court on the basis of
3  diversity jurisdiction. 28 U.S.C. 1332. Ms. Bell filed an objection to removal to federal court
4  based upon lack of subject-matter jurisdiction. The Court construed this as a motion to remand
5  and set a hearing date (Dkt. No. 30). Defendants responded to the motion; plaintiff provided no
6  reply.

7  Ms. Bell seeks to remand this action to state court on the basis that: (1) complete diversity
8  is lacking and (2) the complaint does not raise any federal questions (Br. 3–4). Defendants object
9  to remand. They contend that the motion was not properly filed or noticed as a motion to remand.
10 Defendants also argue that notwithstanding the fact that defendant Default Resolution Network
11 ("DRN") is a non-diverse party complete diversity is not destroyed because DRN is a nominal
12 party and its citizenship should not be considered for purposes of determining diversity.
13 Defendants further claim that the amount in controversy exceeds $75,000 because the loan
14 amount about which Ms. Bell complains is $500,000, not accounting for interest (Opp. 3).
15 Defendants do not assert federal-question jurisdiction.

## ANALYSIS

17 A defendant may remove a civil action from state court to federal court if original
18 jurisdiction would have existed at the time the complaint was filed. 28 U.S.C. 1441(a).
19 "Removal statutes are strictly construed against removal." *Luther v. Countrywide Home Loans*
20 *Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "Federal jurisdiction must be rejected if
21 there is any doubt as to the right of removal in the first instance," such that courts must resolve all
22 doubts as to removability in favor of remand. *Gaus v. Miles Inc.*, 980 F.2d 564, 566 (9th Cir.
23 1992). Defendants have the burden of showing that diversity jurisdiction exists under 28 U.S.C.
24 1332. To prove this, they must show complete diversity and that the amount in controversy
25 exceeds $75,000.

26 Ms. Bell is a citizen of California (Compl. ¶ 1). Four defendants are named in this action:
27 (1) American Home Mortgage Servicing, Inc, a Delaware corporation with its principal place of
28 business in Texas; (2) American Brokers Conduit, an unincorporated division of American Home

Mortgage Corporation, and a New York corporation with its principal place of business in New York; (3) Mortgage Electronic Registration Systems, Inc., a Delaware corporation with its principal place of business in Virginia; and (4) DRN, an unincorporated division of Fidelity National Title Company, with its principal place of business in California (*id*. at ¶¶ 3–6; Dkt. No. 1 at ¶ 3).

Defendants concede that DRN is a non-diverse party (Opp. 3). Yet, they contend that this is no obstacle to diversity jurisdiction because DRN is a nominal party and should be disregarded for purposes of diversity. "A federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1183 (9th Cir. 2004). A nominal party is one "who has no interest in the action" and is merely joined to "perform a ministerial act." *Prudential Real Estate Affiliates, Inc. v. PPR Realty Inc.*, 204 F.3d 867, 873 (9th Cir. 2000). Defendants bear the burden of proving a defendant is a nominal party. *See Cabriales v. Aurora Loan Serv.*, 2010 U.S. Dist. LEXIS 24726 at \*5 (N.D. Cal. Mar. 2, 2010); *Latino v. Wells Fargo Bank, NA, et al.*, 2011 WL 4928880 at \*2 (E.D. Cal. Oct. 17, 2011).

Defendants contend that DRN is a nominal party because it "has no financial interest in the outcome of this action" and because there are "no substantive allegations against Default Resolution Network." For these reasons, they urge that DRN's citizenship is not relevant to the diversity inquiry (Opp. 3).[*]

The complaint, however, raised several substantive allegations against DRN, the substituted trustee (Compl. ¶ 3). *First*, Ms. Bell alleged slander of title against defendant DRN. Specifically, she alleged that the "recording of the notice of sale was in violation of statutory rules governing foreclosure sale," and defendant DRN, trustee, and the beneficiary both "failed to follow the statutory rules for a valid foreclosure under the California Civil Code." Thus, Ms. Bell averred, "the intended or purported foreclosure sale is, therefore, void" (*id*. at ¶¶ 32, 33). *Second*,

---

[*] Defendants contend in their response that the Court should not consider *pro se* plaintiff's motion, wherein the caption did not state "motion to remand" but rather stated the motion was an "objection to federal court removal." The Court is unpersuaded by defendants' argument. Defendants provided a substantive response addressing the remand issues set forth in plaintiff's brief. And this Court issued an order deeming the filing to be a motion to remand and setting a briefing schedule and hearing.

3

she alleged that "Default Resolution Network, acting through its agent . . . recorded a Notice of Trustee sale and a foreclosure sale," "[n]otwithstanding defendants' breaches" (*id*. at ¶ 40). *Third*, she alleged that defendant DRN violated California Business and Professions Code Sections 17200 *et seq.* by "engag[ing] in deceptive business practices with respect to . . . foreclosure" (*id*. at ¶ 47). *Fourth*, she alleged breach of contract against DRN and other defendants stating they "breached the parties' agreement in that they failed to execute and or memorialize the terms of the agreement but instead proceed to institute foreclosure proceedings" (*id.* at ¶ 55).

Each of the four state law causes of action is alleged against defendant DRN. The allegations are substantive. And they are allegations from which Ms. Bell seeks to recover monetary damages. Thus, while defendants may believe Ms. Bell has failed to state substantive causes of action against DRN, defendants have failed to show that DRN was joined in a merely nominal capacity.

Furthermore, pursuant to California Civil Code Section 2924*l* (*see Cabriales*, 2010 U.S. Dist. LEXIS 24726 at *2–3 n.1 (stating a party who files a declaration of nonmonetary status, to which there is no objection, "shall not be required to participate in the action and shall not be subject to any damages"):

> In the event that a trustee under a deed of trust is named in an action or proceeding in which that deed of trust is the subject, and in the event that the trustee maintains a reasonable belief that it has been named in the action or proceeding solely in its capacity as trustee, and not arising out of any wrongful acts or omissions on its part in the performance of its duties as trustee, then, at any time, the trustee may file a declaration of nonmonetary status.

There is no contention that any such declaration has been filed by DRN.

Status as a trustee is not sufficient by itself to render a party nominal and will not overcome the strong presumption against removability. *See Latino*, 2011 WL 4928880 at *3; *Couture v. Wells Fargo Bank, N.A.*, 2011 WL 3489955 at *3 (S.D. Cal. Aug. 9, 2011); *Silva v. Wells Fargo Bank, N.A., et al.*, 2011 WL 2437514 at * 4 (C.D. Cal. June 16, 2011). The law is clear that defendants bear the burden of showing a defendant is a nominal party. No such showing is made here. The order concludes there is not complete diversity, and, therefore, it need

4

not reach any other issue. Defendants do not assert federal-question jurisdiction. Thus, this Court has no basis for subject-matter jurisdiction.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to remand is **GRANTED**. The Clerk shall remand this action to the Superior Court of California, County of Alameda. Because this Court lacks subject-matter jurisdiction, no action may be taken on the pending motions. The motion hearings set for October 27, 2011, are **VACATED**. The case management conference set for October 27, is also **VACATED**.

**IT IS SO ORDERED.**

Dated: October 24, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE